LYONS, Justice
(concurring specially).
When the legislature dictates that a statute applicable to one circumstance shall apply to a different circumstance, we are confronted with challenging issues of statutory construction. Although I am not unmindful of our obligation to construe strictly laws governing election contests, I am satisfied that the main opinion correctly adheres to legislative intent.
Section 11-42-2(8), Ala.Code 1975, expressly provides that the town or city seeking to annex the property is properly named as the “contestee” in a contest of an annexation election. Section 11-42-2(8) also contemplates that the contest is to be conducted in the same manner as the contest of a general municipal election.
I consider the legislature’s use of the word “contestee” in § 11-42-2(8), when coupled with the incorporation of procedures governing general municipal elections, as sufficient indicia of intent to con *413 fer upon a municipality named in a contest of an annexation election the same prerogative of challenging illegal votes as enjoyed by a party also described as a “contestee” in several instances in Title 17, Chapter 16, Ala.Code 1975, who, as a candidate for office, is of necessity a qualified elector. Had the legislature been disinclined to permit a municipality the prerogative available to a contestee under the general-election-contest statute, then it could easily have phrased § 11-42-2(8), in which the general-municipal-election-contest statute is made applicable, without describing the municipality as a “contestee.”